DICKINSON, Associate Justice
(dissenting).
This matter is here on appeal from a final decree granting a divorce to appellee husband, ordering him to pay appellant wife $25 per month alimony “during her disability”, and prescribing payment of attorneys’ fees and costs. The wife has appealed on the ground primarily that the amount of support is inadequate. The other assignments of error are inconsequential. The chancellor allowed the appellant $25 per month permanent alimony.
The testimony shows that this was a turbulent marriage lasting only a little over four years. The wife has grown children by a previous marriage. The husband earns approximately $335 per month. After the wife left the marital domicile she suffered an accident while she was working, as the result of which she and her doctors say she is permanently disabled. The Chancellor awarded her only $25 per month alimony. The testimony shows her doctors’ bills to be approximately $800 per year not considering anything for her living expenses.
I am cognizant of this Court’s ruling in Longino v. Longino, 67 So.2d 203, wherein it affirmed a ruling of the Chancellor denying alimony to the wife, but in that case the wife was not disabled. While the -husband may not have been responsible for the disability of the wife, nevertheless he is responsible for taking care of her. A marriage is for better or for worse. In this case had the Chancellor denied alimony en-. tirely it would have come with better taste,, but a mere pittance of $25 per month indicates to me that the Chancellor was following literally the Longino case rather than actually giving her an award based on her need and her husband’s ability. An ability, of $335 per month warrants an allowance of more than $25 a month, especially if the, wife is totally disabled. Hence I feel that the learned Chancellor erred in such a small. award.
Accordingly, I cannot agree with the majority opinion except insofar as it affirms the Chancellor on the divorce. I would reverse the decree as to the amount of support for the wife with directions to the Chancellor to take additional testimony as to her needs,, if necessary and her counsel so desires, and revise the amount necessary *268 and award her an amount adequate for her support commensurate with her husband’s ability to pay. In all other respects I would affirm the decree.
O’CONNELL, J., concurs.